# ATTACHMENT 1

# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>Defendants. | Civil Action No. 2021-0253 |
| HELEN SHIRLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>Defendants. | Civil Action No. 2021-0259 |
| MARY L. MOORHEAD,<br><br>Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>Defendants. | Civil Action No. 2021-0260 |
| BEECHER COTTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al., | Civil Action No. 2021-0261 |

Defendants.

## SUBPOENA DUCES TECUM

To:   Bennington College
      One College Drive
      Bennington, VT 05201-6003

YOU ARE HEREBY COMMANDED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce certain documents and electronically stored information (ESI) detailed in Exhibit A hereto.

Your responses are due 30 days from the service of this subpoena. The documents and ESI shall be produced at Beckstedt & Kuczynski LLP, 2162 Church Street, Christiansted, United States Virgin Islands, 00820. In lieu of physical production, the documents and ESI may be produced by mail to the offices of Beckstedt & Kuczynski LLP, 2162 Church Street, Christiansted, United States Virgin Islands, 00820 or by email to counsel at smashelkar@wwhgd.com. Please complete, sign, and notarize the enclosed Certificate of Records and return it with the requested materials.

The text of Federal Rule of Civil Procedure 45(c), (d), (e), and (g) is detailed in Exhibit B hereto.

DATED this 21st day of January, 2025.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**

/s/ *Carl A. Beckstedt III*
Carl A. Beckstedt III, Esq.
VI Bar No. 684
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831
carl@beckstedtlaw.com

**Weinberg Wheeler Hudgins Gunn & Dial, LLC**

/s/ *Shubhra Mashelkar*
Shubhra Mashelkar
Ga. Bar No.
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
Tel: (404) 876-2600 / Fax: (404) 875-9433
smashelkar@wwhgd.com
*Admitted Pro Hac Vice*

*Attorneys for Limetree Bay Terminals, LLC*

# EXHIBIT "A"

1. All documents and communications related to the Community Impact Survey concerning the restart of the Limetree Bay Refinery (the "Survey").

2. All documents and communications related to funding, donations, and/or grants for the Survey.

3. All internal communications related to the Survey.

4. All documents and communications exchanged by and between the U.S. Environmental Protection Agency (the "EPA"), its employees, agents, and/or representatives and Bennington College, its employees, agents, and/or representatives related to the Survey.

5. All documents and communications exchanged by and between Crucian Heritage and Nature Tourism, Inc., its employees, agents, and/or representatives and Bennington College, its employees, agents, and/or representatives related to the Survey.

6. All documents and communications exchanged by and between St. Croix Foundation for Community Development, Inc., its employees, agents, and/or representatives and Bennington College, its employees, agents, and/or representatives related to the Survey.

7. All documents and communications exchanged by and between Virgin Islands Good Food Coalition, Inc., its employees, agents, and/or representatives and Bennington College, its employees, agents, and/or representatives related to the Survey.

8. All documents and communications exchanged by and between St. Croix Environmental Association, Inc., its employees, agents, and/or representatives and Bennington College, its employees, agents, and/or representatives related to the Survey.

9. All documents and communications exchanged by and between the University of the Virgin Islands, its employees, agents, and/or representatives and Bennington College, its employees, agents, and/or representatives related to the Survey.

10. All documents and communications exchanged by and between Bennington College, its employees, agents, and/or representatives and any branch or department of the United States Virgin Islands government, its/their employees, agents, and/or representatives related to the Survey.

11. All documents and communications exchanged by and between Fishman Haygood, L.L.P., Berger Montague PC, Lambert Zainey Smith & Soso APLC, Dema Law, Lee J. Rohn & Associates LLC, Burns Charest LLP, Burns Bair LLP, Colianni and Leonard LLC, The Pate Law Firm, and/or Gower Legal LLC, any of their employees, agents, and/or representatives, including but not limited to Kerry Miller, Paul Thibodeaux, E. Blair Schilling, Rebekka Veith, C. Hogan Paschal, Carly Jonakin, Shannon Carson, Yechiel Michael Twersky, John Kerrigan, Hugh Lambert, J. Christopher Zainey, Brian Mersman, John Dema, Lee Rohn, Rhea Lawrence, Warren Burns, Daniel Charest, Martin Barrie, Quinn Bruns, Korey Nelson, H. Rick Yelton, Timothy Burns, Vincent Colianni II, Vincent A. Colianni, Marina Leonard, J. Russell B. Pate, C. Jacob Gower, and Bennington College, Inc., its employees, agents, and/or representatives related to the Survey.

12. All documents and communications exchanged by and between Bennington College, its employees, agents, and/or representatives and St. Croix residents regarding or related to the Survey.

13. All documents and communications containing directives, instructions, initiatives, procedures, and/or mandates related to the Survey.

14. All documents and communications related to training for the Survey, whether performed by Bennington College or any other entity or individual.

15. All documents and communications containing any information, data, records, and/or reports regarding the efforts and/or findings of the Survey.

16. All documents and communications containing any information, data, records, and/or reports regarding air, water, and/or soil quality on St. Croix used for, relied on, generated during, or otherwise connected to the Survey.

17. All documents and communications related to cistern pollution, sampling, and/or testing possessed by Bennington College., its employees, agents, and/or representatives.

18. All documents and communications containing any recommendations made by Bennington College, its employees, agents, and/or representatives regarding or related to the Survey.

19. All documents and communications that identify any entities or individuals who may possess documents responsive to the foregoing requests.

# EXHIBIT "B"

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF CUSTODIAN OF RECORDS

I, _____, pursuant to 28 United States Code Section 1746, declare as follows:

1. That the deponent is the _____ for the offices of _____ and in such capacity is the Custodian of Records.

2. That the deponent has examined the records pertaining to BENNINGTON COLLEGE responsive to the Subpoena Duces Tecum dated _____, 2025, and has made a true and exact copy of them and that the reproduction of them attached hereto is true and complete.

3. That the original of those records was made at or near the time of the acts, events, conditions, opinions or diagnoses recited therein by or from information transmitted by a person with knowledge in the course of a regularly conducted activity of the deponent or the office or institution in which the deponent is engaged and the making of these records was a regular practice of that activity.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____        _____
                  Date                              Signature