# ATTACHMENT 5

## Chausmer, Aaron

| | |
|---|---|
| **From:** | Bopp, Claire <cbopp@bsk.com> |
| **Sent:** | Thursday, August 14, 2025 4:50 PM |
| **To:** | Chausmer, Aaron |
| **Cc:** | Garten, Chris; Fortier, Christina L.; Campbell, M. Gail |
| **Subject:** | RE: Good Faith Conferral Efforts Regarding Subpoena Duces Tecum to Bennington College; Boynes et al. v. Limetree Bay Terminals, LLC et al. |

**This Message originated outside your organization.**



Good afternoon Aaron,

Please be advised that the College is agreeable to providing responses to the requests previously objected to (i.e., Requests Nos. 1, 3, 9, 12, 13, 14, 16, 17, 19) subject to redaction of the names/identities/addresses of the individuals who participated in the Survey. The College is also agreeable to providing unredacted survey responses of the named Plaintiffs, as you have identified below. As mentioned, Professor Bond will be back in the country beginning August 25th and I anticipate being able to provide you with a production by the end of said week. We intend on marking all documents "highly confidential" in accordance with the Confidentiality Order that your office provided. Finally, Professor Bond is available for a deposition on September 10, 11 or 12th and has advised he can secure a conference room at the College to hold the deposition. Please confirm which date/time works best for your office and I will let him know.

Thank you,

Claire

**Claire G. Bopp**
Member
Litigation
585.362.4868 Direct
585.362.4891 Fax
CBopp@bsk.com



350 Linden Oaks, Third Floor, Rochester, NY 14625

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.
IRS regulations require us to notify you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If you want a further description of this requirement, go to https://www.bsk.com/disclaimer.

**From:** Chausmer, Aaron <AChausmer@wwhgd.com>
**Sent:** Monday, August 11, 2025 4:55 PM
**To:** Bopp, Claire <cbopp@bsk.com>
**Cc:** Garten, Chris <cgarten@wwhgd.com>; Fortier, Christina L. <cfortier@wwhgd.com>; Campbell, M. Gail <mcampbell@wwhgd.com>
**Subject:** Good Faith Conferral Efforts Regarding Subpoena Duces Tecum to Bennington College; Boynes et al. v. Limetree Bay Terminals, LLC et al.

1

External Email: Use caution before clicking links or opening attachments.

Claire –

Thanks for returning my call today. We appreciate Bennington College's willingness to continue working with us in good faith to resolve the current discovery dispute related to its compliance with the attached Subpoena. I'd like to summarize what Bennington College is presently willing to produce in response to the Subpoena to avoid any confusion or misunderstanding. If anything is incorrect, incomplete, or inaccurate, please let me know immediately.

1. <u>Timing for Production.</u> Bennington College will make its document production by the last week of August.

2. <u>The Survey</u>. Regarding the original individual responses to the Survey,

    a. As an interim measure, Bennington College will produce the original responses to the Survey, but with the names and addresses redacted. It is understood that LBT intends to file a motion to compel for the production of those redacted names and addresses.

    b. As additional interim measure, we have asked Bennington College to provide us with unredacted responses to the Survey that were completed or which identify any of the named plaintiffs, if any. Bennington College will consider this request. Their names are:

        i. Clifford Boynes,
        ii. Margaret Thompson,
        iii. Delia Almestica,
        iv. Edna Santiago,
        v. Guidrycia Wells, on behalf of a minor child "O.N.",
        vi. Mary L. Moorhead,
        vii. Sirdrina Isaac-Joseph,
        viii. Esther Clifford,
        ix. Alvina Jean-Marie Ilarraza,
        x. Ryan Alleyne,
        xi. Agnes Augustus,
        xii. Helen Shirley,
        xiii. Cristel Rodriguez,
        xiv. John Sonson,
        xv. Isidore Jules, And
        xvi. Virginie George

    c. Professor Bond is currently out of the country, and he will return by August 25. Upon his return, Professor Bond will – over approximately 2 days – prepare the redacted Survey responses to be produced in response to the Subpoena.

3. <u>Documents to Be Produced.</u> Bennington College will produce documents in response to the Subpoena's Request Nos. 2, 4, 5, 6, 7, 8, 10, 11, and 15.

    a. With respect to Request Nos. 5, 6, 7, 8, 11, and 15, Bennington College previously indicated that it would only produce "[n]on-confidential documents and communications." We did not specifically discuss this today, however, and I am unclear if this still an issue. In any event, as we previously discussed, there is a Confidentiality and Protective Order in place and Bennington College can designate documents as confidential or highly confidential if it so desires. If Bennington College is still going to withhold allegedly "confidential" documents, please let me know and provide us with a privilege log (although I question what sort of "confidential" documents or communications might exist between Bennington College and the attorneys listed in Request No. 11, for example).

4. <u>Documents that Bennington College Does Not Have.</u> Bennington College does not have any documents responsive to the Subpoena's Request No. 18.

5. <u>Documents Still Being Withheld.</u> We did not specifically discuss the other Requests not included in Nos. 3 and 4, above. Based on that, it seems that Bennington College is standing on its objections to the Subpoena's Request Nos. 1, 3, 9, 12, 13, 14, 16, 17, and 19.

    a. Is this accurate?
    b. To the extent that Bennington College claims that having to produce the responsive documents might be unduly burdensome, what due diligence has Bennington College done to reach that conclusion?
    c. If Bennington College is continuing to withhold documents based on the so-called "research privilege," can you provide some specifics as to which particular documents are at issue?

6. LBT will provide Bennington College with a draft of its forthcoming motion to compel prior to filing so that Bennington College can reconsider the production of the materials at issue therein. Due to other timing concerns, we cannot, however, guarantee Bennington College a set amount of time to do so before filing the motion to compel with the US District Court of Vermont.

7. <u>Deposition of Professor Bond.</u> You agreed to talk with Professor Bond about scheduling his deposition for the first half of September, after Bennington College makes its document production.

3

   a. You will inquire whether Professor Bond will appear voluntarily or require a subpoena and, if so, whether you can acknowledge service on his behalf.
   b. The location is still TBD, although you mentioned the possibility of holding it at your firm's Albany office.

I think that summarizes the progress we've made. Again, if I am mistaken about something, please let me know.

Aaron



Aaron B. Chausmer
Attorney
3344 Peachtree Road NE | Suite 2400 | Atlanta, GA 30326
D: 404.832.9518 | F: 404.875.9433
www.wwhgd.com  | vCard

The information contained in this message may contain privileged client confidential information. If you have received this message in error, please delete it and any copies immediately.

4